IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NATIONAL COUNCIL FOR ADOPTION, BUILDING ARIZONA FAMILIES on behalf of itself and its birth-parent clients, birth parents D.V. and N.L., and baby boy T.W. by and through his guardian ad litem PHILIP (JAY) MCCARTHY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior, KEVIN WASHBURN, in his official capacity as Assistant Secretary of Indian Affairs, BUREAU OF INDIAN AFFAIRS, and the UNITED STATES DEPARTMENT OF THE INTERIOR, <br><br> Defendants. | Civil Action No. 1:15cv00675 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE**

Pursuant to Local Rule 7(F)(1), defendants, through their undersigned counsel, hereby respectfully submit the instant memorandum of law in support of their motion to transfer venue.

**INTRODUCTION**

Pursuant to 28 U.S.C. § 1404(a), Defendants Sally Jewell, Kevin Washburn, the Bureau of Indian Affairs, and the Department of the Interior, by and through their attorneys, hereby move to transfer this action to the United States District Court for the District of Arizona, where this action can be litigated alongside (or even consolidated) with a related case filed in that jurisdiction.

Transfer of this case to the District of Arizona is proper because since this case was filed, a sister case has been filed in that District raising many of the same claims and issues as Plaintiffs assert in this case. Both cases bring Administrative Procedure Act challenges to Indian Child Welfare Act (ICWA) guidelines issued by the Bureau of Indian Affairs, and both bring a diverse and partially overlapping set of constitutional challenges to these guidelines and ICWA itself. Some of the claims in each case are novel, and have not been addressed by a federal court in the 37 years since the statute was enacted. Given the overlap between these two complex cases, they should be considered by the same court.

However, Arizona's sister case cannot be transferred to this District because neither the plaintiffs nor defendants in that action have a connection to the Eastern District of Virginia, nor do any of the Arizona plaintiffs' claims arise out of events occurring here. In contrast, four out of five of the Plaintiffs in this case have a direct connection to Arizona and assert claims based on events occurring in that state. To avoid waste of judicial resources by litigating these issues in two forums and the strong possibility of inconsistent judgments, Defendants request transfer to the District of Arizona.

## FACTUAL BACKGROUND

### I. THE VIRGINIA ACTION

On May 27, 2015, Plaintiffs initiated this action, seeking declaratory and injunctive relief on a variety of claims related to the Bureau of Indian Affairs' "Guidelines for State Courts and Agencies in Indian Child Custody Proceedings," 80 Fed. Reg. 10,146 (Feb. 25, 2015) (BIA Guidelines) and the Indian Child Welfare Act, 25 U.S.C. § 1901 *et seq.* Complaint, Docket No. 1. There are five plaintiffs: (1) the National Council for Adoption, which describes itself as "a non-profit national adoption policy organization with its headquarters and principal place of

business in Alexandria, Virginia" (Compl. ¶ 10); (2) Building Arizona Families, which describes itself as "a non-profit adoption agency headquartered in, and licensed by, the State of Arizona" (Compl. ¶ 11); (3) D.V., the birth father of a child who is an "Indian child" as defined by ICWA, an enrolled member of the Pascua Yaqui Tribe of Arizona, and an Arizona resident (Compl. ¶ 12); (4) N.L., the birth mother of a child who is an "Indian child" as defined by ICWA, and an Arizona resident (Compl. ¶ 12); and (5) Philip (Jay) McCarthy, Jr., a resident of Arizona who is suing in his capacity as guardian ad litem for baby boy T.W., who is an enrolled member of the Navajo Nation and in the legal and physical custody of the Arizona Department of Child Safety (Compl. ¶ 13). As such, four of the five named plaintiffs in this action are entirely residents of Arizona. The Defendants are Sally Jewell, Secretary of the Department of the Interior; Kevin Washburn, Assistant Secretary-Indian Affairs; the Bureau of Indian Affairs; and the U.S. Department of the Interior.

Plaintiffs' complaint includes eight counts. Plaintiffs allege that the BIA Guidelines are invalid under the Administrative Procedure Act (APA). (Count I, Compl. ¶¶ 171-180). They further assert that the BIA Guidelines violate T.W., D.V., and N.L.'s constitutionally protected rights to due process and equal protection of the laws, and seek a declaratory judgment that ICWA and the BIA Guidelines, which offer the Department of the Interior's interpretation and best practices for implementing ICWA, cannot constitutionally be applied to T.W. and Birth-Parent Plaintiffs.[1] (Counts II, III, IV, V, VI, VII, Compl. ¶¶ 181-223). Plaintiffs contend that the BIA Guidelines discriminate against T.W. and other similarly-situated "Indian children" "based on ancestry that cannot be justified by reference to an interest in 'Indian self-government.'" (Count III, Compl. ¶ 192). Plaintiffs also allege that the BIA Guidelines "discriminate against

---

[1] The term "Birth-Parent Plaintiffs" is defined as "Plaintiffs D.V. and N.L. and the birth-parent clients of Building Arizona Families[.]" (Compl. ¶ 152).

Birth-Parent Plaintiffs based on the 'Indian' ancestry of their children." (Count VI, Compl. ¶ 212). Finally, Plaintiffs allege that the BIA Guidelines violate the Tenth Amendment to the U.S. Constitution. (Count VIII, Compl. ¶¶ 224-228).

## II. THE ARIZONA ACTION

On July 6, 2015, before any responsive pleading was due in the Virginia action, distinct named plaintiffs filed a complaint in the United States District Court for the District of Arizona alleging many of the same or substantially similar claims against the same federal officials and federal agencies that are Defendants in this case. *A.D., et al. v. Washburn, et al.*, Case No. 2:15-cv-01259-DKD (the "Arizona action"). A copy of the complaint filed in the Arizona action is attached as Exhibit 1. Defendants were served with the complaint on July 10, 2015.

The Arizona action is a civil rights class action suit seeking declaratory and injunctive relief on a variety of claims related to the BIA Guidelines and provisions of ICWA. (Arizona Compl., Docket No. 1). In that case, there are six named plaintiffs (collectively, the "Arizona Plaintiffs"): Carol Coghlan Carter, a resident of Arizona who is suing in her capacity as "next friend" for (1) baby girl A.D., and (2) baby boy C., who are in the legal and physical custody of the Arizona Department of Child Safety, and for all off-reservation children with Indian ancestry in the State of Arizona in child custody proceedings (Arizona Compl. ¶¶ 11; 17-24); (3) S.H. and (4) J.H., both residents of Arizona, who are a married couple who provide foster care to baby girl A.D. and have a pending petition to adopt her (Arizona Compl. ¶ 12); and (5) M.C. and (6) K.C., both residents of Arizona, who are a married couple who provide foster care to baby boy C. and want to adopt him. (Arizona Compl. ¶ 13). The action is filed as a putative class action on behalf of "all off-reservation Arizona-resident children with Indian ancestry and all off-reservation Arizona-resident foster, preadoptive, and prospective adoptive parents in child

4

custody proceedings involving children with Indian ancestry and who are not members of the child's extended family." (Arizona Compl. ¶ 30). This putative class would presumably include at least one of the Plaintiffs, T.W., in the present action. The defendants in the Arizona action are the same as Defendants to this case, with the addition of an Arizona State defendant: Sally Jewell, Secretary of the Department of the Interior; Kevin Washburn, Assistant Secretary-Indian Affairs; the Bureau of Indian Affairs; the U.S. Department of the Interior; and Gregory A. McKay, Director of Arizona Department of Child Safety.

The Arizona Plaintiffs' complaint includes six counts. The Arizona Plaintiffs allege that the BIA Guidelines are invalid under the APA. (Count VI, Arizona Compl. ¶¶ 119-123). They further contend that provisions of the BIA Guidelines and ICWA violate equal protection as guaranteed by the Fifth Amendment because they are "based solely on the race of the child and the adults involved" and "create[] a separate set of procedures for children with Indian ancestry and all other children based solely on the child's race." (Count I, Arizona Compl. ¶¶ 89-90). The Arizona Plaintiffs also argue that ICWA and the BIA Guidelines violate procedural and substantive due process guaranteed by the Fifth Amendment. (Count II, Arizona Compl. ¶¶ 96-100). The Arizona Plaintiffs additionally allege ICWA violates the Indian Commerce Clause, the Tenth Amendment, and the First Amendment. (Counts IV, V, Arizona Compl. ¶¶ 109-118). In addition, the Arizona Plaintiffs allege violations of substantive due process and equal protection of the Fourteenth Amendment against the Arizona State Defendant, McKay. (Count III, Arizona Compl. ¶¶ 101-108).

## ARGUMENT

Transfer of this action to the District of Arizona is proper under 28 U.S.C. § 1404(a), which provides that "[f]or convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have been brought." The section "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). A court "must weigh in the balance the convenience of the witnesses and those public interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of the 'interest of justice.'" *Stewart Org.*, 487 U.S. at 30.

The moving party bears the burden of showing venue transfer is proper. *Agilent Tech., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 325 (E.D. Va. 2004). In deciding whether to transfer venue pursuant to Section 1404(a), the "district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Id.* at 324-25 (quoting *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003)); *see also Van Dusen*, 376 U.S. at 613. The Court has broad discretion to order transfer under this standard. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).[2] As demonstrated below, transfer is appropriate because (1) this action could have been brought in the District of Arizona and (2) transfer of this case to the District of Arizona will serve the interests of justice by avoiding duplicative litigation and allowing for consolidation of this case with the Arizona action.

**I.      This Action Might Have Been Brought in the District of Arizona**

---

[2] The Supreme Court explained in *Norwood* that Congress in enacting the venue provision "intended to do more than just codify the existing law on *forum non conveniens*." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Instead, "[i]t is perfectly clear that the purpose . . . was to grant broadly the power of transfer . . . whether dismissal under the doctrine of *forum non conveniens* would have been appropriate or not." *Id.* at 31-32 (citations omitted).

Under Section 1404(a), the threshold consideration in determining the appropriateness of transfer to another district is whether the action might have been brought there. *Van Dusen*, 376 U.S. at 616; *Jaffe v. LSI Corp.*, 874 F. Supp. 2d 499, 502 (E.D. Va. 2012). The venue statute provides that a plaintiff may obtain venue in an action against federal officers, employees, or agencies sued in their official capacities in any one of three places: where the plaintiff resides, where the defendant resides, or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1). In this case, four out of five of the Plaintiffs – T.W., D.V., N.L., and Building Arizona Families – reside in Arizona. (Compl. ¶¶ 11, 12, 13, 20, 23). Only one of the Plaintiffs – the National Council for Adoption – resides in the Eastern District of Virginia, and none of the Defendants, for venue purposes, reside in the District.

Venue is also appropriate in the District of Arizona because in the case before this Court four of the five Plaintiffs' causes of action arguably arose there. According to the Complaint, Plaintiff T.W. is involved in a child welfare proceeding in Arizona state court, and Plaintiffs allege that T.W.'s interests in these proceedings are harmed by the BIA Guidelines and ICWA. (Compl. ¶¶ 13; 25-30). Plaintiffs D.V. and N.L. are Arizona residents who allege that their plans to place their child with adoptive parents of their choice are harmed by the BIA Guidelines and ICWA. (Compl. ¶¶ 12; 31-35). Building Arizona Families alleges that, in order to maintain its license from the State of Arizona, it must comply with the BIA Guidelines. (Compl. ¶¶ 168-169). In addition, the fifth Plaintiff, National Council for Adoption, according to its own description, is comprised of "over 60 member adoption agencies with over 225 offices across the country." (Compl. ¶ 36). Per National Council for Adoption's website, seven of its now 80 member adoption agencies are located in Arizona.[3] Thus, venue is appropriate in the District of Arizona

---

[3] *National Council for Adoption*, Members, https://www.adoptioncouncil.org/who-we-are/members (last visited July 30, 2015).

based on the residence of four out of five plaintiffs and based on the fact that a substantial part of the events giving rise to the claims occurred in Arizona. Furthermore, it is not possible to seek transfer of the Arizona action to the Eastern District of Virginia because none of the plaintiffs or the defendants in that action resides in this District, nor did the causes of action arise here.

### II. Transfer to Arizona is Convenient to Parties and Witnesses and in the Interests of Justice

The second factor in analyzing whether transfer is appropriate is "whether the interest of justice and convenience of the parties and witnesses justify transfer[.]" *Koh*, 250 F. Supp. 2d at 630. In making this determination, the court conducts a balancing test that weighs "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interests of justice." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010). "[T]he interest of justice may be decisive in ruling on a transfer motion." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005) (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3854, at 439-440 (2d ed. 1986)). Here, these factors weigh strongly in favor of transfer.

#### A. The Interests of Justice Favor Transfer Because There is a Related Action Pending in the District of Arizona

Discretionary transfer to the District of Arizona under Section 1404(a) in the interests of justice is clearly appropriate. The interests of justice will best be advanced by effecting a transfer and allowing for the possibility of consolidation of this action with the Arizona action. The two cases have significantly overlapping subject matter and claims: both challenge – as a matter of first impression – the legality of the BIA Guidelines and ICWA itself; both assert that the BIA Guidelines violate the APA; both assert that ICWA and/or the BIA Guidelines violate the equal protection and due process rights of Indian children; and both argue that ICWA and/or the BIA

Guidelines violate the Tenth Amendment. The relief sought in the two cases also overlaps: both seek to set aside some or all of the BIA Guidelines and enjoin their application to child welfare and/or adoption cases; and both seek a declaration that certain provisions of ICWA itself are unconstitutional.

Where two cases are so closely related and generate the risk of duplicative and inefficient litigation as well as inconsistent judgments, transfer promotes the interests of justice. This factor includes the "public-interest factors of systemic integrity and fairness[,]" *Stewart Org.*, 487 U.S. at 30, and "[m]ost prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (citation omitted). Here, the interests of justice are furthered by transfer, as it would prevent unnecessary expense to the public and the duplicative use of judicial resources. *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960); *see also Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 206 (4th Cir. 2006) ("As between two federal district courts, the general rule is that duplicative litigation should be avoided."); *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 937 (E.D. Va. 2005) ("The interest of justice weighs heavily in favor of transfer when related actions are pending in the transferee forum."). As stated by the Supreme Court:

> [t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that section 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

*Cont'l Grain Co.*, 364 U.S. at 26; *see also Abbott Labs. v. Gardner*, 387 U.S. 136, 154-155 (1967), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977) (recognizing that courts may consolidate separate but related actions using section 1404(a)).

9

In addition to preventing waste of time, energy, and money, the interests of justice strongly favor a single court adjudicating such closely related claims to avoid the risk of conflicting judgments. Here, there is a distinct possibility that allowing this case and the Arizona action to go forward simultaneously could lead to inconsistent results. If this Court and the District of Arizona separately reach the merits of the two actions, they will necessarily have to consider the nature and effect of the BIA Guidelines; whether the BIA Guidelines comply with the APA; whether the Guidelines or ICWA are constitutional; and whether the Tenth Amendment is violated. Not only is it inefficient for two separate federal courts to consider the same issues of law, there is a risk of inconsistent decisions that would create confusion for all of the parties and the state courts, tribes, and child welfare practitioners that handle child welfare matters around the country. "[C]onsiderations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *WMATA v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980); *see also Feller v. Brock*, 802 F.2d 722, 727-728 (4th Cir. 1986) ("Prudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders."); *Church of Scientology of California v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (recognizing the need to "avoid the embarrassment of conflicting judgments").

That Defendants have grounds to seek consolidation of the two cases further supports transfer. *See, e.g.*, *Gen. Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 369 (4th Cir. 1967). "In general, the pendency of a related action in the transferee forum favors transfer where it would be both feasible and beneficial to consolidate the actions." *Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1261 (E.D. Va. 1988). Under Federal Rule of Civil Procedure 42(a), a district court may order all actions to be

consolidated "[w]hen actions involving a common question of law or fact are pending before the court . . . ." "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Calif.*, 877 F.2d 777 (9th Cir. 1989). In addition, courts have recognized that Rule 42 does not require that the cases in which consolidation is being sought be identical. *See In re Cendant Corp. Litigation*, 182 F.R.D. 476, 478 (D. N.J. 1998)) (recognizing that Rule 42 does not demand "that actions be identical before they may be consolidated. Rule 42 requires only 'a common question of law or of fact[.]'"); *Firefighters, Local 1908 v. County of Clark*, Case No. 2:12-cv-00615-MMD-VCF, 2012 WL 1986590, at *2 (D. Nev. June 1, 2012) ("Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required, so long as there is some commonality of issues."). Nor do courts require that the identity of the parties be identical. *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) ("[C]ases may be consolidated even where certain defendants are named in only one of the Complaints or where, as here, the plaintiffs are different but are asserting identical questions of law against the same defendant."); *Utah v. U.S. Dep't of Interior*, 45 F. Supp. 2d 1279, 1281 (D. Utah 1999).

      Here, a lawsuit addressing substantially similar issues and alleging identical or similar claims is now pending in the District of Arizona. Both cases challenge the BIA Guidelines as violating the APA. Both cases allege violations of the guarantees of due process and equal protection. The Arizona action is also brought as a putative class action. Assuming that plaintiffs in the Arizona action can obtain class certification, one of the plaintiffs in this case, T.W., would likely be part of the class. According to the complaint, T.W., an enrolled member of the Navajo Nation, is in the custody of Arizona's Department of Child Safety (Compl. ¶ 22). T.W. was

placed in a foster home in Flagstaff, Arizona. (Compl. ¶ 23). The Arizona action defines one of plaintiffs' putative classes as "all off-reservation Arizona-resident children with Indian ancestry." (Arizona Compl. ¶ 13). Based on the information alleged in this case, T.W. likely falls under the definition of this putative class. If this case were transferred to the District of Arizona, Defendants have adequate grounds to seek consolidation of the two cases, and the potentiality of consolidation further supports a transfer of this case.

In conclusion, the interests of justice in avoiding inefficient use of judicial resources and potentially inconsistent judgments strongly weigh in favor of a transfer to the District of Arizona.

### B. The Other Factors Do Not Weigh Against Transfer

In considering whether to grant a motion to transfer, in addition to the interests of justice, courts also evaluate the following factors: plaintiff's choice of forum; convenience of the parties; and witness convenience and access. *Heinz Kettler*, 750 F. Supp. 2d at 667. Here, considered in turn below, these factors do not individually or cumulatively weigh against transfer. Even in cases where these factors do weigh against transfer, however, "the interest of justice may be decisive in ruling on a transfer motion." *Samsung Elecs. Co.*, 386 F. Supp. 2d at 716 (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3854, at 439-440 (2d ed.1986)); s*ee also Wenzel v. Knight*, Case No. 3:14-cv-432, 2015 WL 222179, at *3 (E.D. Va. Jan. 14, 2015) ("In some cases, the interests of justice trumps the other factors, even when they suggest a different outcome."); *Byerson*, 467 F. Supp. 2d at 635. That same analysis applies here, where the interests of justice weigh strongly in favor of transfer and the other factors do not weigh against transfer.

### 1. Plaintiffs' Choice of Forum is Not Entitled to Substantial, Much Less Dispositive, Weight

"[W]hen the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum," the plaintiff's choice of forum is not entitled to "substantial weight." *Koh*, 250 F. Supp. 2d at 633. Defendants have the burden of showing that the balance of conveniences is strongly in favor of transfer to another forum. *Id.*

The Eastern District of Virginia is not the home forum for four of the five Plaintiffs in this action. Rather, Arizona is the home forum for Plaintiffs Building Arizona Families, T.W., D.V., and N.L. Further, the claims asserted by Plaintiffs bear little to no relation to the Eastern District of Virginia, and instead have many connections with the State of Arizona. Plaintiff T.W. is in the custody of the Arizona Department of Child Safety, and claims that ICWA and the BIA Guidelines cannot be constitutionally applied to the Arizona state court proceedings concerning his placement and custody. (Compl. ¶¶ 20-30; 199-202). Plaintiffs D.V. and N.L. are Arizona residents seeking to place their child with adoptive parents without the knowledge of the Pascua Yaqui Tribe, which is also located in Arizona. (Compl. ¶ 31-33). Plaintiffs D.V. and N.L. allege due process and equal protection violations and seek a declaration from the Court that ICWA and the BIA Guidelines cannot be constitutionally applied to "the Birth-Parent Plaintiffs or to proceedings in connection with the voluntary adoption of their children." (Compl. ¶220-223). Although not specified in the Complaint, given D.V. and N.L.'s status as Arizona residents, these voluntary adoption proceedings likely implicate Arizona state courts. Finally, Plaintiff Building Arizona Families is headquartered in Arizona and alleges that, in order to maintain its license from the State of Arizona, it must comply with the BIA Guidelines. (Compl. ¶¶ 40; 168-169). Given that four of the five Plaintiffs' home forum is Arizona, and their claims bear no relation to the Eastern District of Virginia, Plaintiffs' choice of forum should not be entitled substantial weight.

### 2. Convenience to Parties Weighs in Favor of Transfer

"The party convenience factor includes assessment of the ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Samsung Elecs. Co.*, 386 F. Supp. 2d at 717 n.13. This factor is of little relevance here, and to the extent that it is, it strongly favors transfer. Whether parties have ready access to evidence, witnesses, and compulsory process is not relevant here. Plaintiffs' claims solely seek equitable relief and, more importantly, are premised exclusively on questions of law (and not fact). Plaintiffs' claims under the Administrative Procedure Act and their resolution should not involve witnesses or discovery, or the interpretation of local law.

In contrast, the parties' convenience with respect to access to the forum weighs in favor of transfer. Four out of five plaintiffs are Arizona residents. Thus, as a whole, Plaintiffs will not be inconvenienced by a transfer to the District of Arizona. On the other hand, Defendants will be greatly inconvenienced if transfer is not granted and they are required to litigate identical issues in both this District and the District of Arizona.

### 3. Witness Convenience and Access is Not a Factor in This Matter

For the same reason that the parties' convenience as to evidence and witnesses is not a factor in this matter, witness convenience and access are not relevant considerations. As presented by Plaintiffs, this case involves a challenge to agency action. As a result, no witnesses will be required.

## C. The Fact That This Case Was First Filed Does Not Prevent Transfer

Under the "first-to-file" rule, the court in which jurisdiction first attaches generally should be the one to decide the case. *Affinity Memory & Micro, Inc. v. K & Q Enters., Inc.*, 20 F. Supp. 2d 948, 954 (E.D. Va. 1998) "The rule is not rigid, however, and courts have recognized

an exception 'when the balance of convenience favors the second action.'" *Wenzel,* 2015 WL 222179, at *5 (quoting *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 302 (4th Cir. 2001); *George Mason Univ. Found., Inc. v. Morris*, Case No. 3:11-cv-848, 2013 WL 6449109, at *5 (E.D. Va. Dec. 9, 2013) ("While the invocation of the first-to-file rule is the norm, when a court is presented with special or exceptional circumstances, or upon 'the showing of balance of convenience in favor of the second action,' a court may in its discretion depart from the first-to-file rule."). Thus, the first-to-file rule may be overcome by a showing of a "balance of conveniences" favoring transfer or "special circumstances." *Affinity Memory & Micro, Inc.*, 20 F. Supp. 2d at 954. In making this determination, three factors are considered: "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *George Mason*, 2013 WL 6449109, at *4.

Here, while it is true that this action was filed in this Court before the Arizona action was filed in the District of Arizona, an exception to the first-to-file presumption is warranted given the balance of conveniences. Plaintiffs will not be inconvenienced by a transfer of this case to Arizona, and Plaintiffs' choice of forum may be disregarded given this District is not the home forum for four out of five of the Plaintiffs and the claims they have asserted bear little connection to this District.

Moreover, allowing this case to proceed in this court would go against the interests of justice because it would waste judicial resources. In addition, denying the transfer request would potentially subject the Defendants to inconsistent obligations if both cases were permitted to proceed in separate districts. As previously stated, the Arizona action cannot be transferred to the Eastern District of Virginia because no plaintiff and no defendant resides there, nor did the causes of action arise there.

Finally, there have been no substantive proceedings in this case – Defendants have not responded to the complaint and have requested that their obligation to respond to the complaint be extended until after this motion is ruled upon. All of these factors favor a transfer to the District of Arizona.

## **CONCLUSION**

For the foregoing reasons, the balancing of the interests of justice with the other factors justify a transfer to the District of Arizona because the two complaints challenge the same agency action; they raise common questions of law; and they assert substantially similar claims and, further seek similar relief. All of the relevant factors favor transfer of the litigation. Therefore, Defendants respectfully request that this action be transferred to the United States District Court for the District of Arizona.

///

///

DATE: July 30, 2015

        Respectfully Submitted,

        JOHN C. CRUDEN
        Assistant Attorney General
        Environment and Natural Resources Division
        United States Department of Justice

        DANA J. BOENTE
        United States Attorney

By: _____/s/_____
        DENNIS C. BARGHAAN, JR.
        Assistant U.S. Attorney
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Telephone: (703) 299-3891
        Fax: (703) 299-3983
        Email: dennis.barghaan@usdoj.gov

Of Counsel:
REBEKAH KRISPINSKY         STEVEN M. MISKINIS
Assistant Solicitor         Indian Resources Section
United States Department of the Interior     CHRISTINE W. ENNIS
        Law and Policy Section
        Environment and Natural Resources Div.
        United States Department of Justice
        P.O. Box 44378
        Washington, D.C. 20026
        Email: steven.miskinis@usdoj.gov
        Telephone: (202) 305-0262
        Fax: (202) 305-0275

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2015, this MEMORANDOM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE was filed electronically with the Clerk of Court through the Court's CM/ECF system, which will send notification of this filing to the following recipient:

Jacob Stephen Siler
Gibson Dunn & Crutcher LLP (DC)
1050 Connecticut Avenue NW Suite 300
Washington, DC 20036
Email: Jsiler@gibsondunn.com

DATE: July 30, 2015

By: _____/s/_____
DENNIS C. BARGHAAN, JR.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891
Fax: (703) 299-3983
Email: dennis.barghaan@usdoj.gov

ATTORNEY FOR FEDERAL DEFENDANTS